IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO BISACCA | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | _____ |
| PILOT TRAVEL CENTERS, LLC d/b/a | § | |
| PILOT TRAVEL CENTERS #433, | § | |
| Defendant. | § | |

**DEFENDANT PILOT TRAVEL CENTERS, LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Pilot Travel Centers, LLC ("Pilot") and files this its Notice of Removal pursuant to 28 U.S.C. §1446(a). In support thereof, Pilot would respectfully show the Court as follows:

## I. STATEMENT OF FACTS

1.     Plaintiff is Alfonso Bisacca ("Plaintiff" or "Bisacca"), a resident of Visalia, California.

2.     Defendant is Pilot, a foreign limited liability company.

3.     On October 30, 2017, Plaintiff filed a premises liability action against Pilot in the Dallas County Court at Law No. 1, cause number CC-17-05772-A.  (*See* Index of State Court Documents ("Index") at Tab 1).

4.     Pilot was served with Plaintiff's suit on November 3, 2017. (*See* Index at Tab 4). Pilot files this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. §1446(b). Therefore, this Notice is timely filed.

## II. BASIS FOR REMOVAL

5.    Removal is proper because there is complete diversity of citizenship between the parties. *See* 28 U.S.C. §1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (noting that complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side).

6.    Plaintiff resides in California and therefore is a citizen of California. (*See* Index at Tab 1); *See Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003).

7.    Defendant is a foreign limited liability company organized and existing under the laws of the State of Tennessee. (*See Nichols Affidavit,* ¶ 5).

8.    In the Fifth Circuit, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by the citizenship of its members. *See Harvey*, 542 F.3d at 1080. Furthermore, a corporation is a citizen of the state in which it was incorporated and state in which it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen Limited Liability Corporation*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business is where the officers of the company direct, control and coordinate the corporation's activities. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

9.    Pilot has four members: (a) National Indemnity Company; (b) Pilot Corporation; (c) BDT I-A Plum Corporation; and (d) FJM Investments, LLC. (*See Nichols Affidavit,* ¶ 5).

10.    National Indemnity Company is a citizen of Nebraska. National Indemnity Company was incorporated in Nebraska and its principal place of business is also located in Nebraska. (*See Nichols Affidavit,* ¶ 6).

11.    Pilot Corporation is a citizen of Tennessee.  Pilot Corporation was incorporated in Tennessee and its principal place of business is also located in Tennessee.  (*See Nichols Affidavit,* ¶ 7).

12.    BDT I-A Plum Corporation is a citizen of both Illinois and Nebraska.  BDT I-A Plum Corporation was incorporated in Illinois. (*See Nichols Affidavit,* ¶ 8).  The principal place of business for BDT I-A Plum Corporation is located in Nebraska.  (*See Nichols Affidavit,* ¶ 8).

13.    FJM Investments, LLC is a citizen of Utah.  FJM Investments, LLC is a Utah limited liability company composed of one member, FJ Management, Inc. (*See Nichols Affidavit,* ¶ 9).  FJ Management Inc. was incorporated in Utah and its principal place of business is also located in Utah (*See Nichols Affidavit,* ¶ 9).

14.    Based upon the foregoing, the members of Pilot are citizens of Nebraska, Tennessee, Illinois and Utah.  Because Plaintiff is a citizen of California, complete diversity of citizenship exists and removal on the grounds of diversity jurisdiction is appropriate.  *See* 28 U.S.C. §1332(a).  Complete diversity of the parties existed on the date the state court action was filed, and existed at the time this Notice of Removal was filed.  (*See Nichols Affidavit,* ¶ 12).

15.    The amount in controversy in this case exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff alleges damages "in an amount less than $1,000,000.00 but more than $100,000.00." (*See* Index at Tab 1, ¶ 5.)  Because Plaintiff pleads an amount in excess of $75,000, the amount in controversy is established on the face of his state court petition. *See Espinoza v. Allstate Texas Lloyds*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

16.    Furthermore, it is facially apparent that Plaintiff's claims exceed the jurisdictional minimum. *See id.* (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

Plaintiff claims that he has "suffered injuries to his left knee, hip, back and shoulder that required him to undergo extensive treatment, as well as injuries to other parts of his body." (*See* Index at Tab 1, ¶ 6.)  Plaintiff further alleges that his injuries are "serious" and Plaintiff requests damages "without limitation . . . medical expenses, loss of earnings capacity, physical and mental pain and suffering, mental anguish, impairment and disfigurement, both in the past and future, as well as all incidental expenses incurred." (*See* Index at Tab 1, ¶ 9).  Plaintiff further requests pre-judgment interest, post-judgment interest and court costs. (*See* Index at Tab 1, ¶ 12(b)-(c)).  "[W]hen a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is seeking any possible grounds to maximize her recovery to the cap." *See Morris v. Home Depot U.S.A., Inc.*, 2011 WL 711047, at *4 (N.D. Tex. 2011) (mem. op.) (internal quotations omitted).

17.     A defendant may also satisfy its burden to prove the amount in controversy if "the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00]." *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Sup.2d 828, 839 (E.D. Tex. 2008). For example, in *Bourne* the amount in controversy was met when the plaintiff alleged "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature." *See id.* at 839.  Plaintiff's alleged damages are of the same nature as other cases that have exceeded the amount in controversy requirement. *See id.* at 840 (discussing numerous cases where amount in controversy was met); *see also Morris*, 2011 WL 711047, at *1-*4 (finding that amount in controversy met when plaintiff alleged "severe and permanent injury to her lower back, buttock, hip, and groin"). Therefore, it is facially apparent that the amount in controversy for Plaintiff's claims exceeds $75,000.

18.     All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. *See* 28 U.S.C. §1446(b)(2)(A).

19.    Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

20.    Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District.

21.    Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit is pending.

### III.  JURY DEMAND

22.    Neither Plaintiff nor Defendant demanded a jury in the state-court suit.

### IV.  CONCLUSION

23.    Plaintiff and Pilot are completely diverse and the amount in controversy exceeds the jurisdictional minimum. For these reasons, Pilot respectfully removes the State Court action to the Northern District of Texas.

Respectfully submitted,


/s/ Michael B. Jones
Michael B. Jones, State Bar No. 24002375
MJones@CanterburyLaw.Com

CANTERBURY, GOOCH, SURRATT, SHAPIRO,
 STEIN, GASWIRTH & JONES, P.C.

4851 LBJ Freeway, Suite 301
Dallas, Texas 75244
972.239.7493 – Telephone
972.490.7739 – Facsimile

Attorneys for Defendant Pilot Travel Centers, LLC

## CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification too all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

> Hardin R. Ramey, Esq.
> Ramey Law Firm
> 3890 W. Northwest Highway
> Suite 650
> Dallas, Texas 75220
> (972) 437-5572 = Fax
> HRamey@rameylawfirm.com
> Counsel for Plaintiff

> /s/ Michael B. Jones
> Michael B. Jones