IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALFONSO BISACCA,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:17-CV-3263-L** |
| § | |
| **PILOT TRAVEL CENTERS, LLC d/b/a** § | |
| **PILOT TRAVEL CENTERS #433,** § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Unopposed Motion for Leave to File Amended Expert Designation (Doc. 34), filed April 7, 2020; and Defendant Pilot Travel Centers d/b/a Pilot Travel Centers #433's ("Pilot" or "Defendant") Motion for Summary Judgment ("Motion") (Doc. 35), filed April 17, 2020.  For the reasons herein explained, the court **grants** Defendant's Motion for Summary Judgment (Doc. 35); **denies** the request by Plaintiff included in his summary judgment response to further amend his pleadings (Doc. 38); **dismisses with prejudice** this action; **strikes** Plaintiff's First Amended Designation of Expert Witnesses (Doc. 33), which was filed on April 3, 2020, without leave of court; and **denies as moot** Defendant's Unopposed Motion for Leave to File Amended Expert Designation (Doc. 34).

**I.     Factual and Procedural Background**

In this premises liability case, Alfonso Bisacca ("Plaintiff" or "Mr. Bisacca"), a commercial truck driver, seeks to recover for injuries he allegedly sustained from a slip-and-fall accident on October 31, 2015, near one of the entrances to Pilot's convenience store or "truck stop" located at 8787 South Lancaster Road, Dallas, Texas 75241 (the "Premises" or "Pilot Store").  Pl.'s App., Ex.

3 at 23 (Bisacca dep).[1] Plaintiff also asserts in his most recent pleadings that Pilot is responsible for its employees' negligence and omissions under the doctrine of *respondeat superior*.

According to the undisputed summary judgment evidence, Mr. Bisacca met another driver in the parking lot of the Pilot Store to exchange truck loads before pulling around to the area where the diesel fuel pumps are located. After pumping diesel fuel, Mr. Bisacca entered the Pilot Store using the "driver entrance" on the diesel side to get a receipt for the fuel, purchase a drink, and warm up some soup. *Id.* at 26; Def.'s App. 15. The parties' summary judgment evidence also refers to this entrance as the "diesel entrance," "diesel side," and "diesel ramp." Pl.'s App., Ex. 1 at 117 (Mark Nichols dep.); Pl.'s App., Ex. 4 (Feb. 5, 2015 e-mail). Mr. Bisacca exited the Pilot Store the same way he entered, and fell near the concrete handicap ramp that leads up to the diesel entrance. Pilot presented evidence establishing that, at the time of Mr. Bisacca's accident, there was a yellow cone on the diesel ramp that said "CAUTION Wet Floor" in Spanish and English and also included a diagram of a person slipping and falling. Mr. Bisacca acknowledges that he saw the yellow cone and warning and attempted to avoid the area where the cone was located on the concrete ramp by taking a narrow path to the side of the ramp, where he fell.

Pilot moved for summary judgment on April 17, 2020, contending that it did not breach any duty owed to Plaintiff as the owner and operator of the Premises because its placement of the yellow cone in front of the diesel entrance was adequate under Texas law to warn Plaintiff regarding the condition of the ramp, and Plaintiff admitted to seeing the yellow wet floor cone positioned on the handicap ramp on his way into and out the store. Pilot further asserts that it cannot be held liable

---

[1] Because Plaintiff did not sequentially number the pages of his appendix or cite to the appropriate appendix pages as required by the district's Local Civil Rules, the page cited by the court is to the relevant page of Plaintiff's deposition.

**Memorandum Opinion and Order – Page 2**

under a theory of *respondeat superior* because Plaintiff was not injured as a result of the action or omissions of any employee or agent of Pilot.

Plaintiff disagrees and responds that the warning provided by Pilot in the form of a yellow "caution wet floor" cone on the entrance ramp was inadequate under the circumstances. Pl.'s Resp. 8. Additionally, even if adequate, Plaintiff contends that Pilot owed him a duty under Texas's necessary-use exception to make the diesel entrance safe because "it was necessary for [him] to use the ramp to return to his commercial vehicle after leaving the store," and "[he] was not able to walk around the ramp, without incident." *Id.* at 10. Plaintiff argues that, "[b]ecause th[is] was the only point of entry on the north side of the Premises reserved for commercial drivers," Pilot could not discharge its duty under the necessary-use exception by the mere placement of a yellow "caution wet floor" cone "near the area where it knew a danger existed." *Id.* at 8, 10, 11. Instead of addressing Defendant's contention that he is not entitled to recover under the theory of *respondeat superior*, Plaintiff clarifies that he is only seeking to recover damages for his premises liability claim, and, to the extent this is not clear from his pleadings, he seeks leave to amend his pleadings.

The court addresses both of these premises liability arguments in turn. Although the court's determination regarding Defendant's summary judgment motion moots Pilot's request to amend its expert designations, it addresses this issue separately to explain briefly why it is striking Plaintiff's First Amended Expert Designations, which prompted Pilot to seek leave to amend its own expert designations. The court also addresses separately Plaintiff's belated request to amend his pleadings.

## II. Defendant's Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.

**Memorandum Opinion and Order – Page 3**

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

    Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.   Analysis**

   **1.   Adequacy of Pilot's Warning**

Under Texas law, property owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (citing *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009)). This general rule is consistent with the Texas Supreme Court's "recognition that a landowner's duty to invitees is not absolute. A landowner 'is not an insurer of [a] visitor's safety.' Instead, a landowner's premises-liability duties, like its negligence duties, are limited to a duty to exercise ordinary, reasonable care." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). To establish a premises liability claim, an invitee must prove:

**Memorandum Opinion and Order – Page 5**

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel*, 441 S.W.3d at 251-52 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)).

Pilot's summary judgment motion focuses on the third element, which is "negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe." *Henkel*, 441 S.W.3d at 252 (citing *TXI Operations*, 278 S.W.3d at 765); *Kroger*, 465 S.W.3d at 202-03 ("Ordinarily, the landowner need not do both, and can satisfy its duty by providing an adequate warning even if the unreasonably dangerous condition remains."). Regarding this element, the court in *Henkel* further explained:

> If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law. *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). To be adequate, a warning must be more than a general instruction such as "be careful"; the warning must notify of the particular condition. *TXI Operations*, 278 S.W.3d at 765. In *TXI*, for example, a speed limit sign was not an adequate warning of a pothole. *Id.* We held that the sign "neither informed the driver of road hazards generally, nor did it identify the particular hazard." *Id[.]*; *see State v. McBride*, 601 S.W.2d 552, 556-57 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (holding signs that read "35 MPH" and "SLOW" were insufficient to warn of the actual condition of the construction area, which was that it was muddy and slick when wet). In contrast, a warning by a cashier to a customer to "watch the wet spot" was an adequate warning as a matter of law. *Bill's Dollar Store*, 77 S.W.3d at 370. And a wet floor warning sign and verbal warning to " 'be careful' because the 'floor may be a little damp' " was adequate as a matter of law to discharge a property owner's duty to an invitee. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.).

*Henkel*, 441 S.W.3d at 252.

Plaintiff contends that Pilot's use of the yellow caution cone was not adequate because it did not communicate the specific condition he faced. Specifically, Plaintiff argues that, because the

**Memorandum Opinion and Order – Page 6**

yellow cone cautioned that the "floor" rather than the outside pavement or ramp was wet and slippery, the warning was confusing:

> The wording used on the cone in this case was "caution wet floor." In light of the placement of the cone – outside the building, straddling the boundary between the unpainted sidewalk and the painted ramp – the term 'floor' is confusing at best, and does not communicate the specific condition Alfonso Bisacca faced: a wet and slippery surface outside of the building. In common parlance, 'floor' denotes 'the base of a room' (Webster's) or 'that part of a room, hallway, or the like, that forms its lower enclosing surface and upon which one walks (Dictionary.com). In simple terms, a 'floor' is located inside a building – and it is certainly reasonable that one seeing such a warning posted outside of a building, near an entrance, would take it to be referring to the floor inside the building. The location where Alfonso Bisacca fell could much more adequately be described as pavement, a sidewalk, or a ramp; a sign placed where the "caution wet floor" sign was, indicating that the pavement, sidewalk or ramp was wet, may well have been adequate to satisfy Pilot's duty to warn. But the use of the term 'floor' should create a fact issue for summary judgment purposes as to adequacy.

Pl.'s Resp. 8-9 (citation and footnote omitted). The court disagrees, as this hypothetical argument is contrary to and not supported by the undisputed summary judgment evidence.

As noted, Defendant presented evidence that, at the time of Mr. Bisacca's accident, there was a yellow cone on the handicap ramp in front of the diesel entrance to the store that said "CAUTION Wet Floor" in Spanish and English and also included a diagram of a person slipping and falling. This evidence establishes that Pilot adequately warned of the particular condition in question—that the area where the cone was placed, on the handicap ramp in front of the diesel entrance to the store, was slippery when wet. *Moreover, Plaintiff's deposition testimony establishes that he saw and understood that the "caution wet floor" sign displayed on the yellow cone positioned on the handicap ramp in front of the diesel entrance was warning about the condition of the ramp and, for this reason, he took extra precautions by veering to avoid and go around the area, walking around to the edge of the ramp, and slowing his walk.* Def.'s App. 15, 17-22. Accordingly, the evidence

**Memorandum Opinion and Order – Page 7**

conclusively establishes that Pilot adequately warned Plaintiff of the ramp's condition, such that Pilot cannot be negligent as a matter of law unless Texas's necessary-use exception applies.

### 2.     Applicability of Necessary-Use Exception

The leading Texas case on the necessary-use exception is *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978). In *Parker*, the court concluded that the exception applied because the facts in that case established that the dimly lighted staircase with narrow, uneven steps was the only means available for the plaintiff to exit her apartment. *Id.* at 514-15. In *Austin v. Kroger*, the Texas Supreme Court recognized that *Parker* represents an exception to the general rule that "landowners have no duty to protect or warn [] persons when they are aware of the risks and could have avoided them." *Kroger*, 465 S.W.3d at 208. The necessary-use exception arises "when the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Id.* at 204. The exception, therefore, applies "when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* at 207. When the necessary-use exception applies, the obviousness of the danger and the plaintiff's awareness of the risk do not relieve a property owner of the duty to make its premises reasonably safe. *Id.* at 204 (citation omitted). Whether "a duty exists is a question of law for the court," and if no duty exists, "a jury cannot impose [such] a duty." *Id.* at 209 (citation omitted).

Plaintiff contends that the necessary-use exception applies because he had no other way of entering and exiting the Premises:

**Memorandum Opinion and Order – Page 8**

> Here, Pilot could not discharge its duty to [him] as a matter of law by merely placing a yellow sign on the painted ramp, because it was necessary for [him] to use the ramp to return to his commercial vehicle after leaving the store. Just as the plaintiff in *Parker* could not exit the apartment building without using the dangerous stairs, [he] was not able to walk around the ramp, without incident, to return to his commercial vehicle parked in Defendant Pilot's parking lot.
>
> The summary judgment evidence shows that unpainted concrete on one side of the ramp (to his right) was partially blocked by Pilot's placement of ice and package storage containers. (*See* Ex. 4; attached photographs). [Mr.] Bisacca testified that he attempted to walk around the ramp to his left, but was unable to do so safely causing him to slip and fall on the dangerous ramp. (Ex. 3; Bisacca Depo. P. 35, L. 19-P. 36, L. 10; P. 37, L. 23-P. 38, L. 3). Pilot should have anticipated that its customers, including [Mr.] Bisacca, could not avoid the unreasonable risk that accompanies crossing a painted, wet, slick ramp any more than the plaintiff in *Parker* could avoid the risk of descending dimly lit, poorly constructed stairs. Because that was the only point of entry on the north side of the Premises reserved for commercial drivers, Pilot could not conclusively discharge its duty of care by mere placement of a yellow sign near the area where it knew a danger existed.

Pl.'s Resp. 10-11. Defendant replies that the necessary-use exception is not relevant to the determination of its summary judgment motion but, even if it is, it is still entitled to summary judgment because Plaintiff has failed to come forward with competent summary judgment evidence to raise a genuine dispute of fact regarding either of the exception's two elements as required for the exception to apply.

While Plaintiff contends that the diesel entrance where he fell was the *only* entrance into the store "reserved for commercial drivers" such that it was necessary for him to enter and exit the store through that particular entrance, he points to no evidence to support this argument or show that commercial truck drivers were only permitted to use this entrance. Additionally, the undisputed summary judgment evidence, including Plaintiff's own evidence, establishes that there was a second entrance on the other side of the store. Plaintiff, however, does not point to any evidence or explain

**Memorandum Opinion and Order – Page 9**

why he could not have entered the store using the other entrance, even if doing so was less convenient.

Consequently, he has not shown, as he contends, that the facts in this case are similar to those in *Parker*. The court, therefore, concludes that the necessary-use exception does not apply, as Plaintiff has failed to identify evidence and set forth specific facts sufficient to raise a genuine dispute of material fact regarding either requirement of the exception. *See Kennedy v. Wal-Mart Stores Tex., LLC*, 03-19-00587-CV, 2020 WL 1943357, at *3 (Tex. App.—Austin Apr. 23, 2020, no pet.) ("As there was more than one way for Kennedy to retrieve the bottle of wine, which would have allowed her to avoid it falling on her foot, the "necessary use" exception does not apply."); *Simpson v. Orange Cty. Building Materials, Inc.*, No. 09-18-00240-CV, 2019 WL 407790, at *5 (Tex. App.—Beaumont Feb.7, 2019, no pet.) ("[W]hen the summary judgment evidence established that the plaintiff could have avoided the condition, then the necessary-use exception does not apply, and summary judgment is appropriate."). As no genuine dispute of material facts exists as to Plaintiff's premises liability claim, Pilot is entitled to judgment as a matter of law on this claim, which will be dismissed with prejudice. For the same reason, Plaintiff cannot recover under a *respondeat superior* theory of recovery, which is based on his premises liability claim.

### III. Plaintiff's Request to Amend His Pleadings

Instead of addressing Defendant's *respondeat superior* argument, Plaintiff included a section at the end of his summary judgment response that is titled "**Dismissal of Alfonso Bisacca's Claim for *Respondeat Superior***" and asserts that he "seeks damages against Defendant Pilot solely under his claim for premises liability. He seeks leave to amend his First Amended Complaint, if that remains unclear." Pl.'s Resp. 11.

**Memorandum Opinion and Order – Page 10**

In his First Amended Complaint (Doc. 28), the live pleading, which the court allowed him to file June 10, 2019, after Pilot moved for summary judgment the first time, Plaintiff expressly alleges: "Defendant is responsible for the above-referenced negligent acts and/or omissions of its employees **under the doctrine of *respondeat superior***, as said employees were acting under the course and scope of their employment with Defendant." Pl.'s First. Am. Compl. ¶ 14 (emphasis added). Plaintiff's intent to assert a premises liability claim under the doctrine of *respondeat superior* is, therefore, clear and requires no clarification. Even if he did not intend to seek relief under this theory, the time for pleading amendments expired April 26, 2018, approximately two years before Pilot filed its amended summary judgment motion. In addition, Plaintiff has not established good cause as required to further amend his pleadings after expiration of the deadline for amendment of pleadings in the scheduling order and after Pilot moved the second time for summary judgment.[2] Given the timing of Plaintiff's request, it would also be unfair to and prejudice Defendant if Plaintiff was allowed to amend his pleadings to avoid summary judgment on this ground. Accordingly, Plaintiff's request to further amend his pleadings for this purpose is **denied.**

---

[2] Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

**Memorandum Opinion and Order – Page 11**

### IV.     Defendant's Motion to Amend its Expert Designations

Although unopposed, the court determines that there is no need for Defendant to amend its expert designations. Defendant requests to amend its expert designations in light of Plaintiff's First Amended Designation of Experts Witnesses (Doc. 33), filed April 3, 2020, in which Plaintiff identified several new medical providers after the court granted the parties' unopposed motion to extend the discovery deadline, including discovery pertaining to experts, to April 3, 2020. While the court extended the discovery and other deadlines in its Second Amended Scheduling Order (Doc. 29), including the deadline for challenging experts that was extended to April 17, 2020, it did not extend the deadlines for the parties to make their respective expert designations, which expired between September and November of 2018. Accordingly, Plaintiff was required but failed to obtain leave of court to amend his expert designations long after expiration of the deadline for doing so, and he has not shown good cause under Rule 16(b) as required for amendment of the scheduling order and extension or revival of his expert designation deadline. The court, therefore, **strikes** Plaintiff's First Amended Designation of Expert Witnesses (Doc. 33) and **denies as moot** Defendant's Unopposed Motion for Leave to File Amended Expert Designation (Doc. 34).

### V.     Conclusion

For the reasons explained, the court **concludes** that Plaintiff has failed to raise a genuine dispute of material fact as to his premises liability claim, and Defendant is entitled to judgment as a matter of law. The court, therefore, **grants** Defendant's Motion for Summary Judgment (Doc. 35) and **dismisses with prejudice** Plaintiff's premises liability claim against Defendant in this action, whether asserted directly against Defendant or under a theory of *respondeat superior*. Further, the court **denies** Plaintiff's request to amend his pleadings (Doc. 38); **strikes** Plaintiff's First Amended

Designation of Expert Witnesses (Doc. 33), which was filed on April 3, 2020, without leave of court; and **denies as moot** Defendant's Unopposed Motion for Leave to File Amended Expert Designation (Doc. 34). The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

    **It is so ordered** this 5th day of August, 2020.

                                                         Sam A. Lindsay
                                                         United States District Judge